Wallace MAYAD, Appellant,

v.

Fred RIZK et al., Appellees.

No. 1557.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 3, 1977.
Rehearing Denied Aug. 24, 1977.

Ronald J. Waska, Bernus Wm. Fischman, Lackshin, Nathan & Berg, Houston, for appellant.

Grant Cook, Reynolds, Allen & Cook, Houston, for appellees.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order overruling appellant's motion for new trial which was filed following refusal by the trial court to reinstate this cause on its docket after it had been dismissed for want of prosecution.

Appellant's contentions on appeal are: (1) the court failed to comply with the requirements of Tex.R.Civ.P. 165a with respect to mailing of notices; (2) Local Rule 12(t) of the District Courts of Harris County conflicts with rule 165a; (3) published notices of intention to dismiss omitted references to this case; (4) the court abused its discretion in failing to reinstate the case because plaintiff's failure to act was not the product of conscious indifference but was the result of accident or mistake; (5) the conclusion of the court that the failure to act was the product of conscious indifference was against the great weight and preponderance of the evidence; and (6) the order overruling plaintiff's motion to retain the case on the docket purported to determine substantive rights of the parties thus rendering the prior dismissal interlocutory. Points of error numbers 4, 5, and 6 are not assigned as grounds for new trial in the motion for new trial filed on July 26, 1976 and, hence, no basis for appellate review of these contentions is available to appellant.

The record reflects that this suit was filed by Wallace Mayad (plaintiff or appellant) against Fred Rizk, et al, (defendants or appellees) in February 1971. Although not essential to our disposition of this matter neither the original petition nor the cross-action to which the parties refer in the evidence on the hearing for motion for new trial are included in the transcript. The record reflects the usual trial settings which resulted in no disposition of the case for one reason or the other. It is significant that for the two previous years before the events giving rise to this controversy the cause had been placed on the dismissal docket pursuant to local rule 12(t) and had been retained on the docket on motion of appellant.

In February of 1976, the case was again placed on the dismissal docket. No motion to retain the case was filed, and, accordingly, on April 5, 1976, the court entered an order dismissing the case. On June 16, 1976, appellant filed a motion to retain the case on the docket and requested a hearing. After the hearing on July 12, the motion was overruled. Thereafter, appellant filed a second motion to retain the case, requesting a hearing which was also overruled on July 13. The court found that: (1) appellant failed to allege in his pleading that his failure to act before filing the June 16 motion was not intentional or the result of conscious indifference; (2) appellant was familiar with local rule 12(t); and (3) appellant's failure to show cause why the case should not have been dismissed for want of prosecution on April 5, was intentional or the result of conscious indifference and not due to accident or mistake.

Appellant alleges that local rule 12(t) governing the process for dismissal of cases for want of prosecution in the Harris County District Courts is in direct conflict with

the express provision of Tex.R.Civ.P. 165a also dealing with dismissal for want of prosecution. Local rule 12(t) provides:

On the first Monday of April of each year at 10:00 A.M. each uncontested Divorce case which has been on file for more than six (6) months, and each civil case other than uncontested divorce cases, which have been on file more than three (3) years shall be set for hearing for all parties to show cause why same should not be dismissed for want of prosecution; and without good cause shown at or before such hearing such cases shall be dismissed by the Court for want of prosecution without further notice. While counsel and parties not represented by counsel *may* be notified by postcard mailed to their addresses of record in the respective cases, and the list of such cases may be posted, this rule shall constitute notice of such hearings and counsel (and all parties not represented by counsel) shall keep informed as to the length of time each of their cases has been on file. [Emphasis added.]

Rule 165a states in pertinent part that [a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which he had notice, or on failure of such party or his attorney to request a hearing, or take some other action specified by the court, within fifteen days after the mailing of notices of the court's intention to dismiss the case for want of prosecution. The notices of intention to dismiss *shall* be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. Notice of the signing of the order of dismissal shall be given as provided in Rule 306d. Failure to mail notices as required by this rule shall not affect the finality of any order of dismissal except as provided below.

Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal. [Emphasis added.]

Appellant attacks the apparent discretionary notice provision of local rule 12(t) that the parties "*may* be notified by postcard mail . . . ." of the court's setting the case on the dismissal docket. [Emphasis added.] He contends that this provision is in direct conflict with the mandatory notice requirement of rule 165a which states that "[t]he notices of intention to dismiss *shall* be sent by the clerk to each attorney of record . . . ." [Emphasis added.]

Rule 165a expressly provides that notices of intention to dismiss shall be sent to each attorney and that notice of signing of the order of dismissal shall be given as provided in rule 306d. The Texas Rules of Civil Procedure govern and must prevail over any provision of the local rule. Tex.R. Civ.P. 817. Unfortunately for appellant, there is some evidence that the clerk complied with the provisions of rule 165a.

On hearing on the motion for new trial filed on July 26, 1976, the attorney handling the case for appellant testified that no notice of the placing of this cause on the dismissal docket had been received until actual notice on June 15, 1976. Testimony on such hearing also developed that counsel for appellees had a cross-action on file and hence should have also received notice. No such card was received by the attorneys for the appellees. The clerk of the court, however, testified that he had mailed the notice

to the attorneys involved in the case in question in February 1976. He further testified that following the entry of the order of dismissal on April 5, 1976, he mailed the second notice complying with rule 306d. Proof of mailing of a properly addressed and stamped postcard gives rise to a rebuttable presumption that the postcard was duly received by the addressee. The trial court made a finding that neither card was returned for inadequate address or other reason. The testimony of appellant's counsel that the notices were never received cannot be held to be so disinterested as to overcome the inference flowing from the fact of the mailing. *Southland Life Ins. Co. v. Greenwade,* 138 Tex. 450, 159 S.W.2d 854, 857–58 (1942). As an original matter we would have held contrary to the trial court and found that the notices were not received. It is significant to us that neither appellant nor appellees' counsel received either one of two notices. It is also unusual that the page containing this case was included among the pages posted in the courtroom but the page was one of several missing from the master list of cases to be dismissed in the main office of the district clerk. The law concerning the reinstatement of dismissals for want of prosecution may be a trap for the unwary. *See Southern Pacific Transp. Co. v. Stoot,* 530 S.W.2d 930 (Tex.Sup.1975); *Barrett v. Mantooth,* 554 S.W.2d 799 (Tex.Civ.App.—Houston [14th Dist.] 1977). After the expiration of 30 days from the dismissal of the case for want of prosecution, a court may reinstate it when, after a hearing, it finds that neither the party nor his attorney received a mailed notice or actual notice of the court's intention to dismiss or the order of dismissal prior to 20 days after the signing of the order. Tex.R.Civ.P. 165a. The hearing must be held, and the case must be reinstated, if at all, within 30 days after the party or his attorney first received either mailed or actual notice, but not later than six months after the date of signing the order of dismissal. *Barrett v. Mantooth, supra ; Caddell v. Gray,* 544 S.W.2d 481, 483 (Tex. Civ.App.—Waco 1976, no writ); *Riley v. Mead,* 531 S.W.2d 670, 672 (Tex.Civ.App.—

El Paso 1975, no writ); *Cosper v. Aetna Life & Casualty Co.,* 513 S.W.2d 121, 122–23 (Tex.Civ.App.—Dallas 1974, no writ).

We believe that the trial court should liberally construe rule 165a. That rule provides that the court "shall" reinstate a case if it finds that the parties' failure to act was not intentional or the result of conscious indifference but due to accident or mistake. In our opinion the same standards of determining this question should be applied as to default judgments. As established in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939), "[a] default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident . . . ." Some excuse, not necessarily a good one, is sufficient. Moreover, in proving that a party's failure to act was not intentional or the result of conscious indifference, he should only be required to give a "reasonable" explanation as provided under Tex.R.Civ.P. 21c dealing with extensions of time for filing on appeal. *Cf. Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.Sup.1977).

In this case, the evidence strongly indicates that appellant's failure to file a motion to retain the case was due to an accident or mistake. While the fact that neither party received notice as required, and the page listing appellant's case on the dismissal docket was missing from the district clerk's master list does not conclusively prove a failure to send the notices, it should have been sufficient to prove that appellant's failure to act was not intentional or the result of conscious indifference.

The supreme court, however, has established that it is necessary for the courts to clear their dockets of unprosecuted cases because the passage of time "presents substantial impediments to the full and fair determination of the facts . . . ." *Southern Pacific Transp. Co. v. Stoot,* 530 S.W.2d at 931. It is also correct to say that

a party should be charged with knowledge of the local rules and with notice of all orders that are rendered affecting his case. *See Pentikis v. Texas Elec. Serv. Co.*, 470 S.W.2d 387 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n. r. e.).

 A fact issue having been presented for the trial court's determination, we affirm the order of the court overruling appellant's motion for new trial. All points properly presented for review having been duly considered, the judgment of the trial court is affirmed.

Affirmed.