**Wallace MAYAD, Appellant,**

v.

**Fred RIZK et al., Appellees.**

**No. B2105.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 3, 1979.

Rehearing Denied Oct. 24, 1979.

Gary D. Aguren; Gary D. Aguren & Associates, Houston, for appellant.

L. Chris Butler; Reynolds, Allen & Cook, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and JUNELL and SALAZAR, JJ.

SALAZAR, Justice.

Appellant Wallace Mayad appeals from a summary judgment granted to appellees Fred Rizk, et al., on appellant's equitable bill of review proceeding to set aside the dismissal of an initial suit for want of prosecution.

The initial suit was filed in February, 1971. As noted in our prior opinion, *Mayad v. Rizk et al.*, 554 S.W.2d 835 (Tex.Civ.App. —Houston [14th Dist.] 1977, writ ref'd n. r. e.), on direct appeal from the dismissal by the trial court, it is significant that for the two previous years before the events giving rise to this controversy, the cause had been placed on the dismissal docket pursuant to local rule 12(t) and it had been retained on the docket on motion of appellant.

In February, 1976, the cause was again placed on the dismissal docket. No motion to retain the cause was filed, and on April 5, 1976, it was dismissed for want of prosecution. Appellant did subsequently file a Motion to Retain on June 16, 1976, which was overruled on July 12, 1976, and a second Motion to Retain which was also overruled on July 13, 1976.

On direct appeal, this court affirmed the dismissal at 554 S.W.2d 835, 837 on the ground that some evidence existed that the clerk complied with the provisions of Tex.R. Civ.P. 165a which provides that notice of intention to dismiss shall be sent by the clerk to each attorney of record. The supreme court refused the application for writ of error for no reversible error. Appellant Mayad then filed this bill of review proceeding.

The trial court granted appellee's motion for summary judgment on the ground that no genuine issue of material fact exists as to any question raised in the bill of review, all such questions having been decided against appellant in the direct appeal.

In order to successfully seek relief by bill of review to set aside a final judgment, a party must allege and prove:

1. A meritorious claim or defense;

2. which one was prevented from asserting or making by fraud, accident or mistake of the opposite party;

3. unmixed with any fault or negligence of his own.

*Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). The second requirement has been expanded by case law to include an excuse based on error made by a clerk of the court acting in his official capacity in discharge of a duty imposed by law. *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240 (Tex.1974); *Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964).

The question on appeal as to the matter of rendering or affirming a summary judgment is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970).

Appellant's sole point of error urges that the trial court erred in granting summary judgment as genuine issues of fact existed as to each of the three requirements of the bill of review. As to the first and third requirements, i. e., a meritorious claim and absence of fault or negligence on the part of appellant's counsel, the record reflects and appellees admit in their brief that they offered no summary judgment proof to establish the lack of genuine issues of fact as to these two essential elements. Nor did we in our previous opinion in this case so hold.

The second requirement, an accident or mistake based on error made by a clerk of the court acting in his official capacity in

discharge of his duties, was likewise not decided in our previous holding. The prior decision was based on error urged by appellant that no notice had been mailed pursuant to Tex.R.Civ.P. 165a. This court held that testimony by the clerk indicating that notice had been mailed to the attorneys pursuant to Tex.R.Civ.P. 165a supported the dismissal of the case by the trial court at the hearing on the Motions to Retain.

We note at this point that our holding would have been the same had appellant not filed any motions to retain and pursued a bill of review immediately upon the dismissal.

The distinction we make herein has to do with the fact that this is a bill of review proceeding before this Court as opposed to a hearing on a Motion to Retain. Appellant is entitled to a trial by court or jury in this bill of review.

A fact issue exists as to whether or not appellant's failure to file a motion to retain the case was due to an accident or mistake by the clerk in mailing the notices, given the facts that neither appellant nor appellee's counsel received either the post card notice of the impending dismissal nor post-dismissal notice and that the page containing this case was included among the pages posted in the courtroom but the page was one of several missing from the master list of cases to be dismissed in the main office of the district clerk. *Mayad v. Rizk et al.*, Tex.Civ.App., 554 S.W.2d at 838. Sufficient fact issues exist for appellant's counsel to make a showing of good cause for his failure to file his motion to retain and thus, this case is distinguished from *Southern Pacific Transportation Co. v. Stoot*, 530 S.W.2d 930 (Tex.1975).

The motion for summary judgment should not have been granted. We reverse and remand for a trial on the merits.

Reversed and remanded.