Fred RIZK et al., Petitioners,

v.

**Wallace MAYAD, Respondent.**

No. B–8983.

Supreme Court of Texas.

April 23, 1980.

Reynolds, Allen & Cook, L. Chris Butler, Houston, for petitioners.

Lackshin & Nathan, Bernus Wm. Fischman, Gary D. Aguren, Houston, for respondent.

POPE, Justice.

Wallace Mayad filed this bill of review action in the 165th District Court of Harris County against Fred Rizk and three others, hereafter called Rizk. Rizk filed a motion for summary judgment that the court granted. The motion asserted that a prior suit in which there had been a final judgment dismissing Mayad's action for non-prosecution had already adjudicated the controlling issues in the bill of review suit. 554 S.W.2d 835 (Tex.Civ.App.). The court of civil appeals reversed the summary judgment and remanded the cause for trial. 588 S.W.2d 661. It is our conclusion that the controlling issues in this case either were or could have been finally determined in the prior action. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Since the question presented is whether the prior judgment dismissing Mayad's action operates to bar his bill of review, we must state the events incident to the prior judgment as well as this one. On February 26, 1971, Mayad sued Rizk and the other three defendants, who, along with Mayad, were beneficiaries of a trust arrangement that was created to hold real property.

Mayad complained that the defendants conspired to sell some of the trust property for less than market value. Five years later, the trial court placed that cause on the dismissal docket for the third time, and on April 5, 1976, the court dismissed the action for non-prosecution. On June 16, 1976, Mayad filed a motion to retain the case on the docket and to reinstate the case. The motion to reinstate was within the six months which Rule 165a permits. After the court overruled those motions, Mayad then filed a motion for a new trial on the grounds that the district clerk had failed to send him a notice of either the trial court's intent to dismiss the suit, Rule 165a, Tex.R. Civ.P., or of the actual dismissal, Rule 306d, Tex.R.Civ.P. The trial court conducted an evidentiary hearing to determine whether the district clerk had sent the notices and whether Mayad's attorney received them. The court overruled the motion for new trial. Mayad then timely perfected his appeal to the court of civil appeals, which affirmed the judgment of dismissal. 554 S.W.2d 835.

The court of civil appeals in the first appeal of this case held that the disputed facts concerning the district clerk's compliance with the notice requirements were settled by the trial court. The appellate court wrote, ". . . there is some evidence that the clerk complied with the provisions of Rule 165a." It wrote also, "A fact issue having been presented for the trial court's determination, we affirm the order of the court overruling appellant's motion for new trial." The judgment of the court of civil appeals thus made a determination on the first appeal that the judgment of dismissal should stand against Mayad's attack that Rules 165a and 306d had not been followed.

Mayad then filed this bill of review seeking again to set aside the order of dismissal for the same reasons he asserted in his previous motion for new trial and appeal. The trial court granted a summary judgment against Mayad because the validity of the dismissal order had already been finally litigated. Mayad correctly contends that a litigant may refile an action that has been dismissed for want of prosecution, since the merits of such an action remain undecided. *Gracey v. West*, 422 S.W.2d 913, 917 (Tex.1968). Mayad may thus refile his conspiracy suit notwithstanding the judgment that has dismissed that suit for want of prosecution, although he may face limitations problems. He may not, however, by this bill of review bring a second attack upon the validity of the judgment of dismissal.

We held in *French v. Brown*, 424 S.W.2d 893 (Tex.1967), that one with an available appeal who fails to pursue that remedy is not entitled to seek relief by way of a bill of review. *See also, Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979); *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (Tex. 1961); *Lynn v. Hanna*, 116 Tex. 652, 296 S.W. 280 (1927); *American Motorists Ins. Co. v. Box*, 531 S.W.2d 407 (Tex.Civ.App.— Tyler 1975, writ ref'd n.r.e.); *Birge v. Conwell*, 105 S.W.2d 407 (Tex.Civ.App.—Amarillo 1937, writ ref'd); 4 McDonald, Texas Civil Practice § 18.27.6 (1971). Stronger reasons than those in *French v. Brown* exist in this instance to deny Mayad's second attack upon the validity of the judgment of dismissal. Mayad actually availed himself of his remedies and did so within the time permitted by Rules 165a and 306d. He filed his motion to reinstate, presented evidence in support of his contention that the clerk did not mail notices in advance of or after the dismissal, and perfected his appeal.

The judgment of dismissal which included the post-judgment attack upon its validity is res judicata. That judgment finally determined all of the issues concerning the district clerk's compliance with Rules 165a and 306d. *See Benson v. Wanda Petroleum Company*, 468 S.W.2d 361 (Tex. 1971); *Mayfield Co. v. Rushing*, 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210 (1939).

Mayad in this second attack upon the dismissal judgment alleged that the district clerk failed to send the notices and also that he did not receive them if they were sent. He says that the issue concerning actual receipt of the notices was not before the court in the earlier suit. In the former

trial, both the trial court and the appeals court expressly determined that the requirements of Rules 165a and 306d were met. Whether Mayad received the notices—as he now denies—was a matter that either was or should have been litigated at that time. *Winters Mutual Aid Ass'n Circle No. 2 v. Reddin*, 49 S.W.2d 1095 (Tex.Com. App.1932, holding approved); 4 McDonald, Texas Civil Practice § 18.27.6 (1971). We hold, however, that the trial judge in the first proceeding made that factual determination adversely to Mayad's contention. An affidavit attached to Mayad's answer to Rizk's motion for summary judgment in this action states that there was evidence in the prior proceeding that the notices were not received. The affidavit asked that the trial court take judicial notice of the testimony in that prior record. This affidavit shows that the facts about the mailing and also the receipt of the notices were developed in the first trial and appeal. Just as a bill of review may not be used when one neglects to urge a motion for new trial or appeal when he has time to do so, a bill of review may not be used as an additional remedy after one has timely filed a motion to reinstate and a motion for new trial and has made a timely but unsuccessful appeal.

Mayad in this proceeding relies upon *Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964), and *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (Tex.1950), in support of the sufficiency of his bill of review pleadings. The present case is unlike those cases, for the parties in *Hanks* and *Hagedorn* against whom earlier adverse judgments were taken, did not and had no opportunity to file timely motions to reinstate or motions for new trial.

 The week before this cause was argued before this court on April 9, Mayad filed his brief challenging for the first time the constitutionality of Rule 165a. He states that it is unconstitutionally vague because it does not state "unequivocally the conduct of plaintiff which will bring about the dismissal of his cause of action." He says also that the rule was unconstitutionally applied. The power of courts to move

their dockets existed at common law and independently of statutes and rules of procedure. Rule 165a was adopted by this court in 1973 to ameliorate the effect of a judge's dismissal of actions for neglect and non-action. The amendment to the rule granted a period of six months in which an aggrieved party might set forth grounds for a reinstatement. Mayad availed himself of that right. The record before us and Mayad's own pleadings and briefs show nothing that evidences any diligence to move his case to trial from the date it was filed on February 26, 1971, to the date it was dismissed on April 5, 1976. We find no unconstitutional application of the rule. We repeat what we wrote in *Southern Pacific Transp. Co. v. Stoot*, 530 S.W.2d 930, 931 (Tex.1975):

> Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination.

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.