Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS








IN RE: JIMMY LEE SWEED

 §
 
§
 
§
 
§
 
§



No. 08-06-00336-CV

AN ORIGINAL PROCEEDING 

IN MANDAMUS





 

 

 




MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS
            Relator Jimmy Lee Sweed has filed a petition for a writ of mandamus, requesting that the
Court compel Respondent, the presiding judge of the 346th Judicial District Court of El Paso
County, to rule on his second motion for a bill of review, which he states was filed in trial cause
number 93-2885 on October 2, 2006. Relator states that in his motion, he asked Respondent to
vacate and set aside its judgment in cause number 93-2885 for lack of jurisdiction. Relator has
not included the motion in the record now before the Court.
            Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992)(orig. proceeding). Moreover, there must be no other adequate
remedy at law. Id.
            We first note that a bill of review is an equitable proceeding by a party to a former action
who seeks to set aside a judgment that is no longer appealable or subject to a motion for new
trial. Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979). In an unpublished opinion, this
court affirmed the trial court’s judgment in cause number 93-2885. See Sweed v. City of El Paso,
No. 08-00-00195-CV, 2001 WL 1469071 (Tex.App.--El Paso Nov. 20, 2001, pet. denied)(not
designated for publication). Sweed v. City of El Paso was an appeal from a suit for collection of
delinquent property taxes against several heirs of Martin Sweed. Id. at *1. Relator, appearing
pro se, filed an answer in the underlying action, but along with other named heirs failed to appear
at the final hearing. Id. Subsequently, the trial court entered judgment in favor of the City for
taxes for the years 1988 through 1999, assessed penalties, interest and costs, and ordered
foreclosure of the property against all named defendants, including Relator. Id. A bill of review
may not be used as an additional remedy by a litigant who has made a timely but unsuccessful
appeal. See Nabelek v. Bradford, No. 14-04-001177-CV, 2006 WL 915824 *2 (Tex.App.--Houston [14th Dist.] April 6, 2006, pet. denied), citing Rizk v. Mayad, 603 S.W.2d 773, 776
(Tex. 1980); McIntyre v. Wilson, 50 S.W.3d 674, 679 (Tex.App.--Dallas 2001, pet. denied).
            Based on the record before us, we are unable to conclude that Respondent clearly abused
his discretion or that Relator has no other adequate remedy. Accordingly, we deny mandamus
relief. See Tex.R.App.P. 52.8(a).




February 15, 2007
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.