Opinion filed July 29,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00321-CV

                                                    __________

 

                                 EMILIO
CHAVEZ, JR., Appellant

 

                                                             V.

 

                  TEXAS
TECH HEALTHCARE SYSTEMS, Appellee



 

                                   On
Appeal from the 106th District Court

 

                                                          Dawson
County, Texas

 

                                                Trial
Court Cause No. 07-11-17801



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Emilio
Chavez, Jr., an inmate in the Texas Department of Criminal Justice – Institutional
Division, filed a pro se suit against Dr. Ben Luong, Dr. John P. Lavelle, and
Texas Tech Healthcare Systems alleging medical malpractice.  The trial court
entered an order dismissing all causes of action against Dr. Luong.[1] 
The trial court granted Texas Tech’s plea to the jurisdiction.  Chavez appeals
from the trial court’s December 9, 2008 order granting Texas Tech’s plea to the
jurisdiction.[2] 
We affirm.

While
an inmate at TDCJ-ID, Chavez went for a medical exam.  Chavez alleges that,
during the exam, Dr. Luong performed unnecessary medical procedures and engaged
in sexual contact with Chavez.  Chavez further alleges that Dr. Luong failed to
treat Chavez’s “serious medical need.”

In
his first issue on appeal, Chavez argues that the trial court erred in granting
the plea to the jurisdiction and dismissing the cause of action.  In its plea
to the jurisdiction, Texas Tech asked the trial court to dismiss the cause of
action because Chavez did not provide the required notice pursuant to Tex. Civ. Prac. & Rem. Code Ann. §
101.101(a) (Vernon 2005).  Section 101.101 states:

(a)
A governmental unit is entitled to receive notice of a claim against it under
this chapter not later than six months after the day that the incident giving
rise to the claim occurred.  The notice must reasonably describe:

 

                        (1)
the damage or injury claimed;

 

                        (2)
the time and place of the incident;  and

 

                        (3)
the incident.

 

            . . . .

 

(c)
The notice requirements . . . do not apply if the governmental unit has actual
notice that death has occurred, that the claimant has received some injury, or
that the claimant’s property has been damaged.

 

There
is nothing in the record to indicate that Chavez provided timely notice of his
claim as required by Section 101.101.  However, failure to give notice of a
claim as required by Section 101.101 does not deprive a court of subject-matter
jurisdiction over an action on the claim and cannot be properly asserted in a
plea to the jurisdiction.  Tex. Dep’t of Criminal Justice v. Simons,
140 S.W.3d 338, 349 (Tex. 2004); Univ. of Tex. Sw. Med. Ctr. at Dallas v.
Loutzenhiser, 140 S.W.3d 351, 362 (Tex. 2004).  Failure to provide notice
as required by Section 101.101 bars any action under the Texas Tort Claims
Act but does not deprive the court of subject-matter jurisdiction.  Loutzenhiser,
140 S.W.3d at 365.

Texas
Tech also argued in its plea to the jurisdiction that Chavez did not plead any
facts identifying how the State waived sovereign immunity.  Sovereign immunity
deprives a trial court of subject-matter jurisdiction in lawsuits against the
state or certain governmental units unless the state consents to suit.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004). 
The Texas Tort Claims Act provides a limited waiver of governmental liability
from suit.  Tex. Civ. Prac. & Rem. Code
Ann. § 101.021 (Vernon 2005).  Governmental immunity from suit defeats a
trial court’s subject-matter jurisdiction and is properly asserted in a plea to
the jurisdiction.  Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638-39
(Tex. 1999); see Simons, 140 S.W.3d at 349.

Section
101.021 provides:

A
governmental unit in the state is liable for:

 

(1)
property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if:

 

(A)
the property damage, personal injury, or death arises from the operation or use
of a motor-driven vehicle or motor-driven equipment;  and

 

(B)
the employee would be personally liable to the claimant according to Texas law;
and

 

(2)
personal injury and death so caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law.

 

The record does
not show that Chavez pleaded any facts or otherwise established that Texas Tech
waived its immunity from suit.  The trial court did not err in granting the
plea to the jurisdiction.  We overrule Chavez’s first issue on appeal.

            In his
second, third, and fourth issues on appeal, Chavez argues that the trial court
erred in failing to notify him of the order granting Texas Tech’s special
exceptions and instructing Chavez to replead within thirty days.  A party is
generally charged with notice of all orders that are rendered affecting the
case.  Cont’l Casing Corp. v. Siderca Corp., 38 S.W.3d 782, 790 (Tex. App.—Houston
[14th Dist.] 2001, no pet.); see Mayad v. Rizk, 554 S.W.2d 835, 838-39
(Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref’d n.r.e.).  Chavez does not
dispute that he received notice of the plea to the jurisdiction.  The plea to
the jurisdiction states that the trial court granted special exceptions and
gave Chavez thirty days to replead.  Chavez did not file a response to the plea
to the jurisdiction.  The record does not support Chavez’s argument that he was
denied a fair trial and due process of law.  We overrule Issues Two, Three, and
Four.

            We
affirm the trial court’s judgment.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

July 29, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The dismissal of Dr. Ben Luong is not before this
court.

 





[2]See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon 2008).