Opinion issued June 6, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00336-CV

_____

**RETAKA ROMEO NELSON, Appellant**

**V.**

**SHANNON BROCHETTE NELSON, Appellee**

On Appeal from the 308th Judicial District
Harris County, Texas
Trial Court Case No. 2017-42777

## MEMORANDUM OPINION

Retaka Romeo Nelson appeals the trial court's dismissal of his petition for bill of review seeking to set aside the divorce decree dissolving his marriage to Shannon Brochette Nelson and related rulings. We affirm.

## Background

On June 26, 2013, the 308th District Court of Harris County, Texas, Judge Lombardino presiding, signed a final decree of divorce between the parties, in cause number 2012-04063. Retaka appealed the final judgment in the divorce suit, challenging the trial court's order striking his jury demand and his pleadings. This Court affirmed the trial court's judgment, and his attempt to appeal to the Texas Supreme Court was unsuccessful. *See Nelson v. Nelson*, No. 01-13-00816-CV, 2015 WL 1122918 (Tex. App.—Houston [1st Dist.] Mar. 12, 2015, pet. denied) (mem. op.).

On June 26, 2017, Retaka, proceeding pro se,[1] filed a petition for bill of review, in cause number 2017-42777, asserting, among other things, that (1) he had a meritorious defense; (2) Shannon made multiple material misrepresentations of fact at trial; and (3) he was denied the opportunity to testify at trial. He also asserted a claim of fraud against Shannon and sought injunctive relief, attorney's fees, and a declaration that the divorce decree was void.

---

[1] Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

On July 18, 2017, Retaka filed a motion to disqualify and recuse Judge Lombardino from presiding over the bill of review proceeding. On August 18, 2017, Judge Lombardino signed an order declining to recuse himself voluntarily and referring the case to the Presiding Judge of the Second Administrative Judicial Region. On September 6, 2017, Judge Olen Underwood, the presiding regional judge for the Second Administrative Judicial Region, signed an order denying Retaka's motion for recusal and disqualification.

On February 5, 2018, the trial court issued the final Scheduling Order and Intent to Dismiss, setting the case for trial on March 27, 2018, at 9:00 a.m. Accompanying the order was a document entitled "Procedures for Setting Cases For Trial in the 308th District Court," which stated, in part, that "[f]ailure to timely appear at docket call on the trial date may result in the dismissal of the case or a default judgment."

On the date of trial, Retaka did not appear and the trial court dismissed Retaka's bill of review for want of prosecution. The docket sheet reflects the following entry for 3/27/18: "Case called at 9:00 am and 10:09 am. No response from P on Bill of Review. R present with counsel. DWOP."

On April 2, 2018, Retaka filed a motion to reinstate the case on the docket. On April 4, 2018, he filed a request for findings of fact and conclusions of law. The motion and the request were overruled by operation of law. This appeal followed.

3

**Motion to Recuse and Disqualify**

In his main brief on appeal, Retaka contends that the trial court abused its discretion when it denied his motion to recuse and disqualify Judge Lombardino for two reasons. First, he argues that Judge Lombardino improperly referred his motion to the former regional presiding judge, Judge Olen Underwood. Second, he asserts that Judge Underwood erred in not assigning another judge to hear his motion.

**A. Standard of Review and Applicable Law**

We review an order denying a motion to recuse for abuse of discretion. TEX. R. CIV. P. 18a(j)(1)(A); *Joannides v. Joannides*, No. 01-13-00090-CV, 2013 WL 1222584, at *1 (Tex. App.—Houston [1st Dist.] Mar. 26, 2013, no pet.) (mem. op.) (citing TEX. R. CIV. P. 18a). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

Texas Rule of Civil Procedure 18a governs the procedures for the recusal and disqualification of judges. *See* TEX. R. CIV. P. 18a. After a party in the case has filed a motion to recuse or disqualify, the respondent judge must sign and file with the clerk either an order of recusal or disqualification or an order referring the motion to the regional presiding judge. *See id.* (f)(1). The regional presiding judge must then rule on a referred motion or assign a judge to rule. *See id.* (g)(1).

## B. Analysis

Retaka argues that the trial court abused its discretion in failing to grant his motion to recuse and disqualify because, once Judge Lombardino declined to voluntarily recuse or disqualify himself, he was required to refer the motion to Judge Susan Brown rather than Judge Underwood.

Prior to September 1, 2017, the State of Texas had nine administrative judicial regions, and Harris County was part of the Second Administrative Judicial Region. *See* Act 2017, 85th Leg., R.S., ch. 954 (S.B. 1893), § 2, eff. Sept. 1, 2017 (current version at TEX. GOV'T CODE § 74.042). Effective September 1, 2017, two new administrative judicial regions were created—the Tenth and Eleventh—and Harris County became part of the Eleventh Administrative Judicial Region. *See id.*

On August 18, 2017, Judge Lombardino signed an order declining to recuse himself voluntarily from the case and referred the case to the presiding judge of the Second Administrative Judicial Region. At the time Judge Lombardino signed the order, Harris County belonged to the Second Administrative Judicial Region, of which Judge Underwood was the regional presiding judge. Judge Lombardino did not err in referring the case to Judge Underwood. *See* TEX. R. CIV. P. 18a(f)(B).

Next, Retaka argues that, even if Judge Lombardino did not err in referring the case to Judge Underwood, the trial court abused its discretion when Judge Underwood failed to assign a judge to hear the motion. Under subsection (g), "[t]he

regional presiding judge must rule on a referred motion **or** assign a judge to rule."

*Id*. 18a(g)(1) (emphasis added). Here, the regional presiding judge, Judge Underwood, signed an order denying Retaka's motion to recuse or disqualify. This conforms to the requirements of the statute.

Retaka also relies on section 4(b) of Senate Bill 1893, which amended Government Code section 74.042 and placed Harris County in the Eleventh Administrative Judicial Region. Section 4(b), states, in relevant part:

> On September 1, 2017, the governor, with the advice and consent of the senate, shall appoint judges to serve as presiding judges in the Tenth and Eleventh Administrative Judicial Regions and any administrative judicial region in which a vacancy in office occurs because the presiding judge of a judicial region is no longer qualified to serve as the presiding judge of the region because of the composition of the region on that date.

*See* Act 2017, 85th Leg., R.S., ch. 954 (S.B. 1893), § 2, eff. Sept. 1, 2017. Retaka reasons that because Senate Bill 1893 became effective on September 1, 2017—six days before Judge Underwood signed the order on September 6, 2017—Judge Underwood lacked the authority to sign the order. However, section 4(b) of Senate Bill 1893, which concerns the governor's appointment of presiding judges in the newly created Tenth and Eleventh Administrative Judicial Regions, says nothing about when a regional presiding judge must rule on a properly referred motion.

The trial court did not abuse its discretion in denying Retaka's motion for recusal and disqualification. *See Walker*, 111 S.W.3d at 62.

6

**Dismissal for Want of Prosecution**

In his supplemental brief, Retaka contends that the trial court abused its discretion in dismissing his bill of review for want of prosecution.

## A. Standard of Review and Applicable Law

We review a dismissal for want of prosecution under a clear abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

"The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," TEX. R. CIV. P. 165a.1, or when a case is "not disposed of within the time standards promulgated by the Supreme Court . . . ." TEX. R. CIV. P. 165a.2. In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980).

**B. Analysis**

On February 5, 2018, the trial court sent to the parties a final Scheduling Order and Notice of Intent to Dismiss. The order stated, in pertinent part:

> NOTICE OF INTENT TO DISMISS ON TRIAL DATE. THIS CASE MAY BE DISMISSED FOR WANT OF PROSECUTION ON DATE OF TRIAL if, by the trial date there is no:
>
> a. Service with citation; or
>
> b. Answer on file; or
>
> c. Properly executed Waiver on file;
>
> d. Alternative Dispute Resolution;
>
> e. Compliance with local rules 4.2, 4.3, and 4.4.
>
> 03/27/2018 TRIAL at 9:00 AM. THIS CASE IS SET FOR TRIAL ON THE MERITS ON THIS DATE.

Accompanying the order was a document entitled "Procedures for Setting Cases for Trial in the 308th District Court," which stated that "[f]ailure to timely appear at docket call on the trial date may result in the dismissal of the case or a default judgment."

On March 27, 2018, the trial court signed an order dismissing Retaka's bill of review for want of prosecution. The trial court's docket sheet reflects the following entry on that day: "Case called at 9:00 am and 10:09 am. No response from P on bill of review. R present with counsel. DWOP." Retaka filed a motion to reinstate the case on the docket which was overruled by operation of law.

8

Retaka contends that his bill of review was not dismissed for failure to appear for a hearing or trial but, rather, for failure to prosecute his case. This is so, he contends, because the dismissal order expressly states, "DISMISSED FOR WANT OF PROSECUTION by order of the court." As stated above, Rule 165a provides that "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a.1. The docket sheet reflects that Retaka did not appear on March 27, 2018, the date of trial. Thus, pursuant to the terms of the statute, the trial court properly dismissed his bill of review for want of prosecution because he failed to appear at trial. *See id.*

Retaka also argues, as he did in his motion to reinstate, that he believed a phone appearance was reasonable for several reasons. First, he asserts that because he resided in California at the time of the proceedings, Associate Judge David Sydow told him, "And if you want to have a hearing, sir, within reason, if you request on a non-final hearing, you can appear by phone." Retaka then filed notice of a request for "telephone hearing." Second, he asserts that "Shannon misled me to believe that 3/27/18 was a summary judgment hearing," and that no oral testimony may be presented under Texas Rule of Civil Procedure 166a(c). Third, he asserts that he made a phone appearance at 8:36 am on the date of trial, and that the court coordinator told him, "okay," and "to standby . . . the Court may call [you] within

9

minutes to several hours." He alleges that he waited eight hours but that the court coordinator never called him back, and that when he called back at 4:25 p.m. he learned that Judge Lombardino had dismissed his case for want of prosecution because he failed to appear at trial.

With regard to the associate judge's statement, the record reflects that Judge Sydow made this statement at a January 9, 2018 hearing on Retaka's request for temporary orders related to his 2013 divorce. Judge Sydow stated that the parties could appear by phone at a non-final hearing. Judge Sydow further stated that Judge Lombardino would hear the bill of review case. At no time during the hearing did Judge Sydow tell the parties that they could appear by phone at the trial on Retaka's bill of review.

Retaka's assertion that Shannon misled him to believe that March 27, 2018 was the date of the summary judgment hearing is equally unavailing. The record reflects that Retaka filed a "Notice of Submission (Without a Hearing, or Telephone Hearing in the Alternative)" requesting that the trial court consider his special exceptions and motion for leave to answer Shannon's no-evidence motion for summary judgment as his own traditional summary judgment motion, and to rule on the motion without a hearing or, alternatively, to arrange for a telephone hearing. He also filed an order to that effect for the court's signature. Retaka's request for a telephone hearing related solely to the summary judgment hearing—not the trial on

10

Retaka's bill of review. Further, the trial court never signed Retaka's proposed order or otherwise granted permission to Retaka to appear by phone.

Finally, Retaka's assertion that his exchange with the court coordinator on the morning of trial does not support a conclusion that the trial court abused its discretion in dismissing his bill of review. The trial court sent the parties a scheduling order and notice of intent to dismiss which expressly stated that trial was set on March 27, 2018 at 9:00 a.m., and that "[f]ailure to timely appear at docket call on the trial date may result in the dismissal of the case or a default judgment." Retaka did not appear, and the trial court did not abuse its discretion in dismissing his bill of review. TEX. R. CIV. P. 165a.1 ("A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice.").

**Underlying Divorce Proceedings**

In his second amended reply brief, as in his motion to dismiss, Retaka urges this Court to dismiss this appeal on the basis of an order granting a separate motion to recuse in the parties' underlying divorce case.

On February 27, 2013, during the pendency of the divorce case in cause number 2012-04063, Judge Farr signed an order recusing himself. The order stated that "all parties' claims should be heard in the Court assigned." The case was

11

subsequently assigned to Judge Lombardino. The case proceeded to judgment, and the trial court signed the final decree of divorce on June 26, 2013.

Retaka contends that the trial court did not permit him to testify in the underlying divorce proceedings. He argues that because not all parties' claims were heard, Judge Farr's recusal order was actually an order for new trial which effectively set aside the divorce decree. Although he acknowledges that Judge Farr's February 27, 2013 order predates the June 26, 2013 final divorce decree, he nevertheless asserts that the "new-trial order had the sua sponte after-effect of simultaneously setting aside the (1) dismissal of the bill of review and (2) the divorce judgment[.]"

Retaka's appeal is from the trial court's dismissal of his bill of review in cause number 2017-42777. The parties' underlying divorce case in cause number 2012-04063—including Judge Farr's recusal order—is not before us. *See* TEX. R. CIV. P. 329b(f); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010) (noting bill of review is proceeding to set aside judgment that is no longer appealable or subject to motion for new trial); *see also State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex. 1989). Moreover, we note that Retaka did, in fact, appeal the final judgment in cause number 2012-04063. *See Nelson*, 2015 WL 1122918, at *1. This Court affirmed the trial court's judgment, and the Texas Supreme Court denied Retaka's petition for review. *See id.* Judge Farr's recusal is part of the

12

procedural history of a case that has proceeded to final judgment and was affirmed on appeal. It has no effect on this subsequently filed, and separate, bill of review proceeding.

Accordingly, we overrule Retaka's issues.[2]

## Conclusion

We affirm the trial court's judgment dismissing Retaka's bill of review.


Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

---

[2] In light of our disposition, all pending motions are dismissed as moot.