**Affirmed in Part, Dismissed in Part, and Memorandum Opinion filed May 10, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00835-CV

---

**J.Y., Appellant**

**V.**

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, J.C., and L.C., Appellees**

---

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2020-17880**

---

## M E M O R A N D U M    O P I N I O N

After unsuccessfully appealing the 2017 termination of her parental rights, J.Y.[1] filed a petition for bill of review in 2020 challenging the same termination order. The Texas Department of Family and Protective Services and the child's

---

[1] For continuity, we refer to the appellant using the same pseudonym employed in the termination case. *See In re S.M.G.*, No. 01-17-00056-CV, 2017 WL 2806332 (Tex. App.—Houston [1st Dist.] June 29, 2017, pet. denied) (mem. op.).

adoptive parents successfully moved to dismiss the petition with prejudice on the grounds that the suit is barred by limitations and by res judicata. At the adoptive parents' request, the trial court also imposed monetary sanctions against J.Y. and her counsel Julie A. Ketterman. J.Y. appeals the dismissal of her case and some of the sanctions against her. In addition, she attempts to appeal all of the sanctions against Ketterman and to challenge the finality of the 2017 termination order. In a cross-point, the adoptive parents ask us to sanction J.Y. and Ketterman for bringing a frivolous appeal.

We affirm the portion of the judgment dismissing the bill-of-review proceeding with prejudice and ordering J.Y. to pay the adoptive parents $1,500 as a sanction for signing the verification of the petition that brought this groundless action in bad faith. We dismiss for lack of jurisdiction J.Y.'s attempted appeal of the sanctions imposed on Ketterman, as well as J.Y.'s attempted appeal of the 2017 termination order. Finally, in the exercise of our discretion, we to decline to award the adoptive parents damages for defending this appeal.

## I. BACKGROUND

In her original verified petition, J.Y. alleged that her parental rights were terminated in January 2017,[2] and she asserted, "Despite the exercise of due diligence, Petitioner did not discover Respondent's fraud until more than thirty days after rendition of the judgment."[3] She further pleaded that there was no evidence to support the findings made in the termination case that she engaged in conduct, or knowingly placed the child with persons who engaged in conduct, that endangered

---

[2] The judgment terminating her parental rights is not in the record.

[3] In her petition, J.Y. identified "Respondent"—that is, the defendant in the bill-of-review proceeding—only as "an entity in Harris County, Texas." Nevertheless, the Department filed an answer to the petition approximately five months later.

the child's physical or emotional well-being. J.Y. did not mention in the petition that she already had unsuccessfully appealed the termination judgment or that J.C. and L.C. subsequently adopted the child. J.Y. also did not name the adoptive parents as defendants.

In its answer, the Department raised the affirmative defense of limitations and asserted that J.Y. had failed to join indispensable parties. J.Y. then amended her petition to add the child's adoptive parents as defendants. Again, J.Y. failed to disclose her prior unsuccessful appeal and again she stated that she "did not discover Respondent's fraud until more than thirty days after rendition of judgment." About a month later, J.Y. filed a "Response to the Department's Answer" in which she asserted that her petition was not barred by laches or limitations, adding that the statutory six-month deadline for challenging an order terminating parental rights did not apply. *See* TEX. FAM. CODE § 161.211 (with exceptions inapplicable here, an order terminating parental rights must be challenged within six months of the date the order was signed).

The child's court-appointed attorney filed a "response" to the amended petition in which the attorney urged that the bill of review be denied. The Department and the adoptive parents moved to dismiss the case on the ground that it is time-barred by section 161.211. In their motion, the adoptive parents sought dismissal on the additional grounds that the case is meritless and is barred by res judicata. In addition to seeking dismissal, the adoptive parents also sought sanctions against both J.Y. and Ketterman under Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code chapters 9 and 10.

The trial court dismissed the case with prejudice on the grounds that it is barred both by the six-month limitation period of Texas Family Code section 161.211 and by the doctrine of res judicata. In addition, the trial court sanctioned

3

J.Y. and Ketterman under Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practice and Remedies Code. J.Y. was ordered to pay the adoptive parents $1,500 and Ketterman was ordered to pay them $5,000. In addition, J.Y. and Ketterman each were ordered to pay sanctions of $1,000 to the Harris County District Clerk.

On appeal, J.Y. seeks reversal of the portions of the judgment in this case (a) dismissing the case; (b) ordering her to pay the adoptive parents $1,500 as sanctions;[4] and (c) ordering Ketterman to pay monetary sanctions to the adoptive parents and to the district clerk. She also asserts that the 2017 termination order is not final, and she asks that we "send the [termination] case back"—in effect, to reopen that separate case.

## II. CHALLENGE TO THE DISMISSAL OF THE BILL-OF-REVIEW PROCEEDING

The trial court dismissed the bill-of-review proceeding with prejudice on the grounds that it is time-barred and barred by the doctrine of res judicata. In her first three issues, J.Y. challenges the dismissal of her case with prejudice on these grounds.

In her first and second issues, J.Y. argues that Texas Family Code section 161.211 is unconstitutional both facially and as applied to her; however, J.Y. did not raise these complaints in the trial court. The record does not show that she filed any response to the motions to dismiss. Even if the trial court treated her "Response to the Department's Answer" as a response to the motions to dismiss, which were filed over a week later, J.Y. asserted in that document that section 161.211 does not apply to this action, which instead is governed by the residual four-year limitations period

---

[4] J.Y. does not challenge the portion of the judgment ordering her to pay monetary sanctions to the district clerk.

applicable to bills of review generally. *But see* TEX. CIV. PRAC. & REM. CODE § 16.051 ("Every action *for which there is no express limitations period*, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.") (emphasis added).

Because J.Y. did not raise her constitutional complaints concerning the bill-of-review proceeding in the trial court, she failed to preserve those matters for appellate review. *See In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003) (termination proceeding in which constitutional complaint, not raised in the trial court, was held not preserved for appellate review). Because J.Y. asserts no other grounds on appeal for reversing the trial court's ruling that the case is time-barred,[5] we overrule J.Y.'s first two issues and affirm the portion of the judgment dismissing the case with prejudice on the ground that it is time-barred by Texas Family Code section 161.211. It accordingly is unnecessary to address her third issue, in which she argues that the judgment should be reversed because res judicata does not apply.

### III. CHALLENGE TO THE MONETARY SANCTIONS

The trial court imposed monetary sanctions against J.Y. and her counsel under both Texas Rule of Civil Procedure 13 and Texas Civil Practice & Remedies Code § 10.001(1). We review sanctions on either basis for abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

### A. Sanctions against J.Y.

Regarding the sanctions against herself, J.Y. challenges the portion of the judgment ordering her to pay $1,500 in sanctions to the child's adoptive parents. We

---

[5] J.Y. does not re-urge on appeal her argument that the four-year limitations period of Texas Civil Practice and Remedies Code section 16.051 governs this case.

begin our analysis under Texas Rule of Civil Procedure 13, which provides as follows:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215.1 upon the person who signed it, a represented party, or both.
>
> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. . . .

TEX. R. CIV. P. 13.

On appeal, J.Y. asserts that "Ketterman had sufficient grounds to file the bill of review; it was not filed in bad faith or to harass and there were no statements made that were groundless or false." Despite J.Y.'s assertion that her pleadings were not filed in bad faith or to harass, she has not briefed those matters; the only arguments she presents regarding the sanctions against her are that there were sufficient grounds to bring this suit. J.Y. maintains that this is so because, as to the underlying termination case, "there was [sic] significant and material errors at the trial court level that affected the outcome of the termination suit." But J.Y. had already appealed the termination order years earlier, and a bill of review is not available to "bring a second attack" upon a judgment that has already been affirmed. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980). Moreover, Ketterman conceded in the trial court not only that complaints about the termination case were required to have

6

been brought in that prior appeal,[6] but also that a bill of review was "not a plausible avenue" for challenging the termination order. She neither disputed that the pleadings in the bill-of-review proceeding have "no basis in law or fact" nor made a "good faith argument for the extension, modification, or reversal of existing law."

Further, J.Y. made false statements of fact in her pleadings, even though she signed the petition for bill of review under oath, certifying that the facts stated therein were true and correct. Among other things, she pleaded there was no evidence that (1) she engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the child's physical or emotional well-being, and (2) termination of her parental rights was in the child's best interest. As to each of these allegations, J.Y. alleged that her "failure to assert this claim and/or defense was not a result of any negligence or fault of [J.Y.]." But there was no "failure to assert" these complaints. To the contrary, J.Y. raised each of these complaints in her direct appeal of the termination judgment. *See In re S.M.G.*, No. 01-17-00056-CV, 2017 WL 2806332, *4 (Tex. App.—Houston [1st Dist.] June 29, 2017, pet. denied) (mem. op.) (challenging sufficiency of endangerment evidence); *id.* at *6 (challenging sufficiency of best-interest evidence).

The foregoing establishes that J.Y.'s pleadings in this bill-of-review proceeding were groundless, and J.Y. offers no argument to support her appellate assertion that her pleadings were not filed in bad faith or for the purpose of

---

[6] When Ketterman argued at the hearing on the motions to dismiss and for sanctions that there were serious errors in the trial of the termination case, the trial court asked, "Assuming everything you're saying is true, isn't the law very clear that the time to bring that up is on appeal?" Ketterman answered, "It is, yes. Yes, Your Honor." When the trial court again said, "[T]hose are issues that every parent has to bring up on direct appeal," Ketterman again answered, "And I agree with you, Judge." Ketterman added, "Laws get changed because attorneys argue things that might go against the law. They argue that the law needs to change for certain reasons"; however, she did not identify any law that should be changed or any reason for doing so.

7

harassment. We therefore overrule this issue—J.Y.'s fifth—and affirm the $1,500 sanction against J.Y. under Texas Rule of Civil Procedure 13. It is accordingly unnecessary to consider whether the same sanction also was warranted under Texas Civil Practice & Remedies Code section 10.001(1).

## B.      Sanctions against Counsel

In J.Y.'s fourth and sixth issues, she challenges the trial court's sanctions against Ketterman. J.Y.'s attempt to appeal these sanctions runs afoul of the concept of standing.

Because standing is implicit in the concept of subject-matter jurisdiction, an appellate court lacks jurisdiction to review a ruling appealed by a person without standing. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). A person generally has standing to appeal a ruling only if the person is personally aggrieved by it. *Cf. Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). An appealing party may not complain of errors that do not injuriously affect that party or that merely affect the rights of others. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000).

The sanctions against Ketterman do not injure J.Y.; they affect only Ketterman's rights. Consequently, J.Y lacks standing to appeal them. *See Etienne v. State Farm Lloyds*, No. 14-18-00665-CV, 2019 WL 4266104, at *3 (Tex. App.—Houston [14th Dist.] Sept. 10, 2019, pet. denied) (mem. op.).[7] We accordingly dismiss J.Y.'s fourth and sixth issues without addressing their merits.

---

[7] Ketterman could have, but did not, appeal the sanctions herself, as she has done when sanctioned before. *See Ketterman v. Tex. Dep't of Family & Protective Servs.*, No. 01-12-00883-CV, 2014 WL 7473881, at *1 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.).

## IV. CHALLENGE TO THE FINALITY OF THE TERMINATION ORDER

In addition to her arguments about this case, J.Y. contends in her seventh issue that the 2017 judgment terminating her parental rights is not final "regardless of the language" used in that judgment, because the judgment does not dispose of "[a]ll the issues and parties before the court" as of the date the termination proceedings were called to trial.[8] J.Y. accordingly asks us to return the termination case to the trial court.

This appeal, however, is a challenge to the 2020 judgment in the bill-of-review proceeding, not a challenge to the 2017 judgment in the separate termination proceeding. Because we have no jurisdiction over the termination case, we dismiss this portion of the appeal.

## V. DAMAGES FOR BRINGING A FRIVOLOUS APPEAL

The adoptive parents ask us to order J.Y. and Ketterman to pay them damages for having brought a frivolous appeal. Such an award is governed by Texas Rule of Appellate Procedure 45, which provides as follows:

> If the court of appeals determines that an appeal is frivolous, it may—
> on motion of any party or on its own initiative, after notice and a
> reasonable opportunity for response—award each prevailing party just
> damages. In determining whether to award damages, the court must not
> consider any matter that does not appear in the record, briefs, or other
> papers filed in the court of appeals.

TEX. R. APP. P. 45. To determine whether an appeal is frivolous, we consider the record from the advocate's viewpoint to decide whether the advocate had reasonable grounds to believe that the challenged judgment could be reversed. *See Kholaif v.*

---

[8] *But see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("[I]f the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final.").

*Safi*, 636 S.W.3d 313, 320 (Tex. App.—Houston [14th Dist.] 2021, pet. denied). Even if an appeal is frivolous, the decision of whether to award damages lies within the appellate court's discretion. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc).

As in the trial court, Ketterman represented J.Y. in this appeal. As in the trial court, the arguments Ketterman presented had no reasonable basis in law, and given Ketterman's repeated and voluntary acknowledgments in the trial court that this bill-of-review proceeding was "not a plausible avenue" to obtain relief for her client, this appeal cannot be characterized as an "informed, good-faith challenge to the trial court's judgment." *Joselevitz v. Roane*, No. 14-18-00172-CV, 2020 WL 1528020, at *8 (Tex. App.—Houston [14th Dist.] Mar. 31, 2020, no pet.).

Nevertheless, we are mindful that J.Y. and Ketterman are already obligated to pay monetary sanctions totaling $8,500, and in the exercise of our discretion, we decline to award damages in addition to those amounts.[9]

---

[9] Moreover, when the judgment was appealed, there may have been a reasonable ground to believe that the judgment could be vacated, and although it was not raised by J.Y., the issue was raised by this Court sua sponte and has been resolved.

Specifically, the case style of the judgment erroneously identified the rendering court as the 313th District Court of Harris County, Texas. According to representations in J.Y.'s brief, the bill-of-review proceeding was transferred to the 313th District Court after the Hon. Michelle Moore, presiding judge of the 314th District Court, recused herself. But, the 2017 termination judgment being challenged in this bill-of-review proceeding was rendered in the 314th District Court. Because a bill of review is a direct attack on a judgment, only the court that rendered that judgment has jurisdiction over the bill. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). Further, matters affecting jurisdiction must be examined by the reviewing court even if no party has challenged it. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Thus, if the judgment in fact had been rendered in the 313th District Court, then this Court, acting sua sponte, would have declared the judgment void. However, the record indicated that orders had been issued in the case by both the 313th and 314th District Courts after the purported transfer, and we could not determine from the record then before us whether the case had in fact been transferred to the 313th District Court or had simply been heard by the Hon. Natalia Cokinos Oakes, presiding judge of 313th District Court, sitting by assignment to the 314th District Court. *See* TEX. R. CIV. P. 330(e). After we sought clarification from the parties, the

## VI. CONCLUSION

We affirm the portion of the judgment dismissing J.Y.'s petition with prejudice and ordering her to pay sanctions of $1,500 to the child's adoptive parents, and we dismiss for want of jurisdiction J.Y.'s attempt to appeal the sanctions imposed against Ketterman, as well as J.Y.'s request that we effectively reopen the termination case. Finally, we decline the adoptive parents' request to award them damages for defending against a frivolous appeal.

/s/     Tracy Christopher
          Chief Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

---

adoptive parents successfully moved the trial court for a judgment nunc pro tunc, which corrected the style of the case to show that judgment was rendered in the 314th District Court by Judge Oakes, sitting by assignment. In light of that correction, there is no fundamental error in the judgment, but the initial ambiguity in the record counsels against imposing sanctions for bringing a frivolous appeal.