James Lee **NEALY**, Appellant,

v.

The **HOME INDEMNITY COMPANY**, Appellee.

No. C14–88–216–CV.

Court of Appeals of Texas, Houston (14th Dist.)

April 13, 1989.

Rehearing Denied May 4, 1989.

tion for rehearing to reinstate case on docket or in the alternative motion for new trial." The trial court conducted a hearing on the matter and, on July 27, granted appellant reinstatement. However, six months later, on January 22, 1988, the trial court concluded that it was without jurisdiction at the time it reinstated appellant's case, that the July 27 order was void, and that appellant's case had been dismissed for want of prosecution.[1]

Thomas M. Stanley, Houston, for appellant.

Christopher F. Speegle, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, James Lee Nealy, instituted this appeal from the trial court's order signed January 22, 1988, wherein the trial court found that it did not have jurisdiction over appellant's case.

In April 25, 1981, appellant was injured on the job while under employ with Houston Lighting & Power Company. A year later, appellant filed a civil action for the recovery of benefits under the Worker's Compensation Act against appellee, The Home Indemnity Company, the worker's compensation carrier for Houston Lighting & Power Company. Five years later, in February 1987, the trial court placed appellant's case on its dismissal docket and appellant filed a motion to retain. The court dismissed the case for want of prosecution on April 13, 1987. Appellant filed a Motion to reinstate on May 5 which was denied by order signed on June 12, 1987.

On July 2, eighty days after the signed order of dismissal, appellant filed a "mo-

## THE TEXAS RULES OF CIVIL PROCEDURE

Both the bench and the bar in Texas courts must observe procedural rules governing civil practice which are set forth in the Texas Rules of Civil Procedure. The spirit of such rules is to charge attorneys and litigants with the responsibility of preserving legal rights in the process of litigation by timely actions. *Missouri Pac. R. Co. v. Cross,* 501 S.W.2d 868 (Tex.1973); *Punch v. Gerlach,* 153 Tex. 39, 263 S.W.2d 770 (1954).

Rule 165a of the Texas Rules of Civil Procedure provides a litigant with the procedural remedy of a motion to reinstate when his case has been dismissed for want of prosecution. TEX.R.CIV.P. 165a(3) (Vernon Supp.1989). Likewise, Rule 329b provides the procedural remedy of a motion for new trial. TEX.R.CIV.P. 329b (Vernon Supp.1989). A litigant who employs either motion must file such motion within thirty days after a judgment or other order complained of is signed. TEX.R.CIV.P. 165a(3); 329b(a). *See also Thomas v. Davis,* 553 S.W.2d 624, 626 (Tex.1977); *Lind v. Gresham,* 672 S.W.2d 20, 22 (Tex.App.—Houston [14th Dist.] 1984, no writ). Motions filed outside of the thirty day time period are deemed untimely and cannot be considered by trial or appellate courts. TEX.R. CIV.P. 165a(3); 306a(1); 329b(a)(b); *Lind v. Gresham,* 672 S.W.2d at 22.

1. The history of this case is as follows:

| | | | | |
|---|---|---|---|---|
| 1. Original Petition | 1982 | | 6. Order Overruling Motion to Reinstate | 6–12–87 |
| 2. Court's Notice of Intent to Dismiss | 2–18–87 | | 7. Motion Rhg/Motion New Trial | 7–02–87 |
| 3. Motion to Retain | 2–26–87 | | 8. Hearing on Motion Rhg/New Trial | 7–10–87 |
| 4. Court's Order of Dismissal | 4–13–87 | | 9. Order granting Reinstatement | 7–27–87 |
| 5. Motion to Reinstate | 5–05–87 | | 10. Order of Dismissal | 1–22–88 |

■ In this instance, it is undisputed that appellant did not file his motion for rehearing/new trial until July 2, 1987, eighty days subsequent to the trial court's dismissal of his case for want of prosecution. Unless expressly stated otherwise, Rule 5 of the Texas Rules of Civil Procedure prohibits trial courts from enlarging the time periods for taking any action relating to new trials or reinstatements. TEX.R.CIV.P. 5 (Vernon Supp.1989). Here, appellant's May 5 motion to reinstate was overruled by signed order on June 12. Thus, the court was without plenary jurisdiction to reinstate the case after July 12, as this was more than thirty days from the date of signed order of dismissal. *See* TEX.R.CIV.P. 165a(3), 329b(e).[2] The trial court's July 27 order which granted a new trial was a nullity. *Aetna Cas. & Surety Co. v. Harris*, 682 S.W.2d 670 (Tex.App.—Houston [1st Dist.] 1984, no writ).

Appellant correctly argues that a trial court's jurisdiction can extend up to 105 days from the signing of an order. However, according to appellant, the trial court had 105 days from April 13, the date of dismissal, in which to reinstate his case despite the court's having earlier overruled the case by signed order. Following appellant's logic, the trial court was properly vested with jurisdiction to reinstate the case on July 27. While it is true that July 27 was 105 days from the date of the original dismissal, appellant ignores the fact that the signed order of June 12 occurred first. Pursuant to Rules 165a and 329b, the trial court, having overruled appellant's motion by signed order of June 12, possessed plenary power only until July 12. TEX.R.CIV.P. 165a(3); 329b(e).

■ Appellant argues that because Rule 165a is a "cumulative" remedy, he was allowed to stack his Rule 165a motion to reinstate, which was overruled, upon his Rule 329b motion for new trial. Appellant contends that the utilization of Rule 165a as a "cumulative" remedy, in addition to Rule 329b as a procedural remedy, extended the trial court's jurisdiction to July 27 and thus, the order granting a new trial was valid. Appellant cites criminal cases in support of his definition of the word "cumulative." *Cf. Ex parte Whiteside*, 141 Tex.Crim. 150 S.W.2d 1022 (1941). However, the attempt to analogize criminal sentencing with trial court jurisdiction is simply without merit. Arguably, appellant was free to use or cumulate either motion in support of his request for reinstatement. TEX.R.CIV.P. 71. However, either or both motions were required to be filed timely within thirty days from April 13, 1987.[3] Appellant did not comply with procedural rules. Under the circumstances, the trial court was empowered to declare the July 27 order as void. TEX.R.CIV.P. 329b(f) (Vernon Supp.1989).

### THE TEXAS RULES OF APPELLATE PROCEDURE

■ Rule 41(a)(1) of the Texas Rules of Appellate Procedure provides that an appeal is to be perfected "ninety days after the judgment is signed if a timely motion for new trial has been filed by any party." A motion to reinstate has the same effect as a motion for new trial with respect to

---

**2.** Pursuant to Rule 165a: "If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, *which ever occurs first.*" (emphasis added). Likewise, pursuant to Rule 329b: "If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, *whichever*

*occurs first.*" (emphasis added). Here, the operative date for determining the expiration of the court's jurisdiction runs from April 13, 1987. Had the court not acted upon appellant's motion to reinstate, then plenary jurisdiction would have expired on June 27. However, because the first act to occur was the overruling of appellant's motion to reinstate by signed order of June 12, plenary jurisdiction lapsed on July 12.

**3.** However, such motion must set forth the grounds in support of reinstatement and be verified by the movant or his attorney pursuant to Rule 165a.

extending the time for perfecting an appeal to within ninety (90) days after the order of dismissal is signed. *Butts v. Capital City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986). Appellant was required to perfect his appeal by July 12, 1987.[4] Appellant did not do so until February 18, 1988. Moreover, appellant did not file a timely record or a motion to extend appellate timetables. TEX.R.APP.P. 41(a)(2), 54. Consequently, this court is without jurisdiction to consider this appeal.

Accordingly, the appeal is dismissed.

Panel consists of Justices Pressler, Cannon and Ellis.

---

**4.** Appellant's primary reliance on this court's opinion in *Mayad v. Rizk,* 554 S.W.2d 835 (Tex. Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.), is also without merit. *Mayad* involved the dismissal of a suit for want of prosecution. However, the contention on appeal was that the appellant failed to receive notice of such dismissal. The *Mayad* suit was dismissed by signed order on April 5, 1976, and appellant filed a motion to retain on June 16 and a motion for new trial on July 26. The operative date for the trial court's jurisdiction was not the date of the April 5 order but the date that appellant was alleged to have received actual notice, e.g., June 15, 1976. Pursuant to Rule 306a(4), the date that a party "received notice or acquired actual knowledge" of the dismissal determines the running of time for the trial court's jurisdiction. In

*Mayad,* the disputed date was June 15. Thus, when Mayad's June 16 motion was overruled on July 12, the court had thirty days plenary power to reinstate the case regardless of any later filed motions. Tex.R.Civ.P. 165a(3); 329b(e). Additionally, there is nothing in the *Mayad* opinion to suggest that the timeliness of the filing of the the appellant's motions were at issue or that the appellant had not requested an extension of appellate timetables. In any event, Rules 165a and 329b have undergone drastic revisions since the *Mayad* case was decided. In 1981 through 1984, Rules 165a and 329b underwent reform in conjunction with Rule 306a. These rules were changed in order to establish uniform timetables for the filing of post-judgment motions and perfecting appeals.