**Granted and Opinion Filed July 29, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00721-CV

### IN RE KARRAZ DANSBY, Relator

**Original Proceeding from the 160th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-18-07364**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

In this original proceeding, relator seeks relief from the trial court's May 16, 2019 reinstatement order, which relator asserts is void because it was signed after the trial court lost plenary power. We requested that the real party in interest and respondent file their responses, if any, to the petition for writ of mandamus. Real party in interest Rachel Williams-Harris filed a response, and relator filed a reply. After reviewing the petition, the response, the reply, and the mandamus record, we conclude relator is entitled to the relief requested. We, therefore, grant this writ instanter.

## Background

The trial court dismissed the underlying case for want of prosecution by written order on February 28, 2019. The real party in interest timely filed a motion to reinstate on March 15, 2019. The trial court denied the motion to reinstate by written order on April 2, 2019. The real party in

interest then filed a motion for reconsideration on April 4, 2019. On May 16, 2019, the trial judge signed an order granting the motion for reconsideration and reinstating the case.

In this original proceeding, relator contends the May 16 reinstatement order is void because, pursuant to Rule 165a(3), the trial court's plenary power expired on May 2, 2019, thirty days after all timely-filed motions to reinstate were overruled by written and signed order or by operation of law. TEX. R. CIV. P. 165a(3). As such, the May 16 reinstatement order was signed when the court lacked plenary power to reinstate the case.

## Availability of Mandamus Review

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that the relator has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Mandamus is an available remedy to set aside a reinstatement order signed after the trial court's plenary power expires. *In re S. Mgmt. Servs., Inc.*, No. 05-19-00653-CV, 2019 WL 3244492, at *1 (Tex. App.—Dallas July 19, 2019, orig. proceeding) (mem. op.); *In re Gen. Motors Corp.*, 296 S.W.3d 813, 830 (Tex. App.—Austin, 2009, orig. proceeding); *see also In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam) (holding that orders issued after expiration of trial court's plenary power are void and constitute abuse of discretion).

## Discussion

Judicial action taken after the trial court's plenary power expires is void. *In re Sw. Bell*, 35 S.W.3d at 605; *In re Darling Homes*, No. 05-05-00497-CV, 2005 WL 1390378, at *2 (Tex. App.— Dallas June 14, 2005, orig. proceeding) (mem. op.); *In re T.G.*, 68 S.W.3d 171, 177 (Tex. App.— Houston [lst Dist.] 2002, pet. denied). Here, the real party in interest timely filed a motion to reinstate on March 15, 2019, and the trial court denied the motion to reinstate by written order on

April 2, 2019. The trial court retained plenary power for thirty days thereafter. *See* TEX. R. CIV. P. 165a(3). As a matter of law, the trial court was divested of jurisdiction on May 2, 2019. Accordingly, respondent's order reinstating the case on May 16, 2019, is void because it was signed after the trial court lost plenary power. *See e.g., In re Gen. Motors Corp.*, 296 S.W.3d at 830.

Real party in interest argues that her Rule 329b motion for reconsideration, which was filed within the trial court's plenary power on April 4, 2019, extended such plenary power beyond the thirty-day period set out by Rule 165a(3). She maintains that the motion for reconsideration was the equivalent of a motion for new trial or a motion to modify, correct, or reform the judgment and, as such, extended the plenary period for thirty days after the trial court ruled on the motion for reconsideration. *Compare* TEX. R. CIV. P. 329b *with* TEX. R. CIV. P. 165a(3). Under this theory, the trial court's reinstatement order was signed within the trial court's plenary period and is not void. We disagree. Rule 165a specifically addresses reinstatement and controls over Rule 329b in cases involving dismissal for want of prosecution under Rule 165a. *In re R.C.M.*, No. 02-09-080-CV, 2010 WL 1267759, at *5 (Tex. App.—Fort Worth Apr. 1, 2010, orig. proceeding) (mem. op.); *see also Nealy v. Home Indem. Co.*, 770 S.W.2d 592, 594 (Tex. App.—Houston [14th Dist.] 1989, no writ) (rejecting plaintiff's attempt to "stack" Rule 165a and Rule 329b motions to extend period of trial court's plenary jurisdiction). To hold otherwise "eviscerates the mandates of Rule 165a" and would "judicially write Rule 165a out of the rules of civil procedure." *In re R.C.M.*, 2010 WL 1267759, at *4. Here, the judgment at issue is the judgment dismissing the case for want of prosecution, not the order denying reinstatement. Real party in interest timely sought reinstatement, and the trial court denied reinstatement on April 2, 2019. Thereafter, Rule 165a(3) provided the trial court plenary power for thirty days to reverse that decision and reinstate the case. The May 16, 2019 reinstatement order came too late and is void.

**Conclusion**

We conclude the trial court's reinstatement order is void because the court's plenary power expired prior to the order's execution. Accordingly, we grant relator's petition and order that a writ of mandamus issue instanter. We vacate the trial court's May 16, 2019 reinstatement order.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

190721F.P05