**Opinion issued June 22, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-22-00515-CV

————————————————

## NATHAN HATCHER, Appellant

## V.

## WILLIAM PACE, HOUSTON ARMORY, LP, HOUSTON ARMORY TECHNOLOGY GROUP, LLC, AND ARMORY DEALER MANAGEMENT, INC., Appellees

---

### On Appeal from the 400th District Court
### Fort Bend County, Texas
### Trial Court Case No. 16-DCV-229243

---

### MEMORANDUM OPINION

On January 20, 2022, the trial court dismissed appellant Nathan Hatcher's lawsuit for want of prosecution. Hatcher filed a motion to reinstate on February 3,

2022, and a notice of appeal on July 8, 2022. For the reasons set forth below, we conclude we lack jurisdiction to hear this appeal.

## Background

The underlying case concerns a dispute between appellant, Nathan Hatcher, and appellees, William Pace; Houston Armory, LP; Houston Armory Technology Group, LLC; and Armory Dealer Management, Inc. (collectively, appellees), arising from a firearms transaction. Hatcher filed suit in January 2016. The trial court first dismissed Hatcher's suit for want of prosecution on December 17, 2018. After a motion to reinstate, the trial court ultimately reinstated the case on February 18, 2019.

On December 3, 2021, the court set the case on its January 19, 2022 dismissal docket. Hatcher contends he did not receive notice of the setting, and therefore, he did not attend the docket hearing or file a motion to retain as instructed by the court. As a result, the trial court again dismissed the case for want of prosecution on January 20, 2022. Hatcher argues that he likewise did not receive a copy of the dismissal order, claiming that notice was mailed to an old address for his attorney. However, he admits that he and his attorney discovered the dismissal on January 24, 2022. He then filed a Motion to Reinstate the case on February 3, 2022. The trial court conducted a hearing on April 5, 2022, and that same day, entered an order denying Hatcher's reinstatement motion. As appellees correctly

2

observed, this was the seventy-fifth day after the dismissal of Hatcher's case.[1]

Thereafter, on April 28, 2022, Hatcher filed a "Verified Motion for Reconsideration and Motion for New Trial." After extensive briefing from both parties, the trial court entered an order denying the motion on June 30, 2022.[2]

Hatcher filed his notice of appeal on July 8, 2022—169 days after the dismissal order. Appellees contend that we lack jurisdiction because Hatcher's notice of appeal, due ninety days after the dismissal order, was not timely filed.[3] Hatcher responds that he did not receive a copy of the dismissal order until "May of 2022," claims that the order was not a final judgment, and argues that the trial court retained plenary power "for 90 days after the last Verified Motion to Retain [was] overruled, which period did not and could never run until at least September 30, 2022."

---

[1] Per Texas Rule of Civil Procedure 165a(3), the motion would have been denied by operation of law on the seventy-fifth day had the trial court not ruled on the motion.

[2] The trial court had lost plenary power by the time it ruled on June 30, 2022. *See* TEX. R. CIV. P. 165a(3). Thus, this order was a nullity. *See Nealy v. Home Indem. Co.*, 770 S.W.2d 592, 594 (Tex. App.—Houston [14th Dist.] 1989, no writ) (citing *Aetna Cas. & Surety Co. v. Harris*, 682 S.W.2d 670 (Tex. App.—Houston [1st Dist.] 1984, no writ)).

[3] Appellees filed a Motion to Dismiss the appeal on jurisdictional grounds. We directed Hatcher to respond to the motion and demonstrate that this Court has jurisdiction over the appeal. After reviewing the briefing of the parties and relevant legal authority, we conclude that Hatcher's notice of appeal was not timely filed, and we lack jurisdiction to consider his appeal.

The merits of Hatcher's appeal concern the trial court's dismissal of the case without notice to Hatcher and refusal to grant Hatcher's motion to reinstate and for new trial. Because we determine that we do not have jurisdiction, we do not reach the merits of Hatcher's arguments, and we dismiss the instant appeal.

## Jurisdictional Analysis

Before we can address the merits of this case, we must first determine whether we have jurisdiction over the appeal. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1; *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. However, the deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a).

**B.     Notice Issue**

Here, it is undisputed that Hatcher filed a timely motion to reinstate on February 3, 2022. Therefore, pursuant to Texas Rule of Appellate Procedure 26.1, Hatcher had ninety days from the January 20, 2022 dismissal to file his notice of

appeal—by April 20, 2022. Instead, Hatcher did not file his Notice of Appeal until July 8, 2022. Hatcher's "Statement of Jurisdiction" summarily contends that we have jurisdiction to hear his appeal because his notice was "timely filed," "well within plenary power and appellate deadlines." He notes that he "did not even receive a copy of the Order of Dismissal itself until May of 2022." Hatcher provides no further analysis as to why this saves his appeal, but we will construe this as an argument that any time periods based on the signing of the judgment should run from "May of 2022" instead of January 20, 2022. Nevertheless, we reject Hatcher's argument.

Under Texas Rule of Civil Procedure 306a(1), the periods within which parties may file various post-judgment motions (including motions to reinstate and motions for new trial) and trial courts may exercise their plenary jurisdiction, all run from the date the judgment is signed. TEX. R. CIV. P. 306a(1). Additionally, Rule 306a(3) requires clerks to notify parties or their attorneys immediately when a judgment is signed. TEX. R. CIV. P. 306a(3). Rule 306a(4) provides the following exception to Rule 306a(1):

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever

> occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a(4). We reject Hatcher's notice argument because Hatcher had "actual knowledge of the order" by January 24, 2022. Hatcher admitted to discovering the dismissal on that date in his motion to reinstate, filed on February 3, 2022. Further, the act of filing of the reinstatement motion clearly demonstrates actual knowledge of the dismissal of the case. Thus, Hatcher had actual knowledge of the dismissal within twenty days of the order, and Rule 306a(1) does not apply.

### C. The Dismissal Order

Hatcher also asserts that the trial court's January 20, 2022 dismissal order was not a final order. He points out that the Fort Bend County local rules require final orders to "state that the order disposes of all claims and all parties and is intended to be a final, appealable order." He argues that the final order from which his appeal is taken is the trial court's June 30, 2022 denial of his "Verified Motion for Reconsideration and Motion for New Trial." However, our law is clear that "the deadline for filing the notice of appeal runs from the date of the trial court's dismissal order, not the date the trial court rules on a motion to reinstate." *Hartford Ins. Grp. v. Perez*, No. 05-11-00195-CV, 2011 WL 2306800, at *1 (Tex. App.—Dallas Jun. 13, 2011, no pet.) (mem. op.) (citing *Weik v. Second Baptist Church of Hous.*, 988 S.W.2d 437, 438 (Tex. App.—Houston [1st Dist.] 1999, pet. denied);

6

*Hosey v. Cnty. of Victoria*, 832 S.W.2d 701, 703 (Tex. App.—Corpus Christi 1992, no pet.)).

Further, "[a]n order denying a motion for new trial is not independently appealable." *Fletcher v. Ahrabi*, No. 01-12-00794-CV, 2012 WL 6082915, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, no pet.) (mem. op.) (citing *Overka v. Bauri*, No. 14-06-00083, 2006 WL 2074688, at *1 & n.1 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op.)); *see also Wilson v. Avendano*, No. 01-21-00631-CV, 2021 WL 5903920, at *1 (Tex. App.—Houston [1st Dist.] Dec. 14, 2021, no pet.) (mem. op.) ("[A]n order denying a post-judgment motion does not exist separate from the underlying, appealable judgment, and is not independently appealable."). Here, because Hatcher failed to timely file a notice of appeal of the trial court's January 20, 2022 judgment, we also lack jurisdiction to consider an appeal of the trial court's June 30, 2022 order denying the motion to reconsider and for new trial, because this order "is not independently appealable." *See Wilson*, 2021 WL 5903920, at *1.

**D.  Timing of Post-Judgment Motions**

Hatcher contends that a trial court's "plenary power continues until 30 days after the last such timely filed motion is overruled." *See* 6 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEX. CIV. PRAC. APP. PRAC. § 29:8 (2d ed. 2022) (citing TEX. R. CIV. P. 165a). Hatcher appears to suggest that he could extend the

trial court's plenary power in perpetuity by continuing to file motions to reinstate or motions for new trial. But Hatcher ignores an important caveat in the language of both Rule 165a (motions to reinstate) and Rule 329b(a) (motions for new trial)—the motions must be timely filed. Here, Hatcher's motion for reconsideration and new trial was not filed until April 28, 2022, more than thirty days after the January 20, 2022 dismissal order. *See* TEX. R. CIV. P. Rule 329b(a) ("motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed"). Thus, Hatcher's motion for reconsideration and motion for new trial was untimely. *See Nealy*, 770 S.W.2d at 593 ("motions [to reinstate or for new trial] filed outside of the thirty day time period are deemed untimely and cannot be considered by trial or appellate courts").

Additionally, the *Nealy* court rejected the argument that a movant can "stack" reinstatement motions and motions for new trial to enlarge the time period for reinstating the case. *See id.* at 594 (noting that "[a]rguably, appellant was free to use or cumulate either motion in support of his request for reinstatement"; however, "either or both motions were required to be filed timely within thirty days from [the dismissal order]"). Because any motions filed by Hatcher outside of the thirty-day window were untimely, these motions cannot serve as a basis for jurisdiction to consider his appeal. *See id.*

## Conclusion

We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a),
43.2(f).

Amparo Guerra
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

9