**Appeal and Motion Dismissed and Opinion filed July 11, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00474-CV

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

### V.

### CUONG VU TRAN, Appellee

**On Appeal from the County Criminal Court at Law No. 13**
**Harris County, Texas**
**Trial Court Cause No. 2293974Y**

# O P I N I O N

The appellant in this case attempts to appeal from the lower court's final judgment in appellee's appeal of an administrative law judge's decision regarding the administrative suspension of appellee's driver's license under Transportation Code section 724.035 based on appellee's refusal to submit to the taking of a specimen of his breath or blood. The appellant also seeks to appeal from an order in which the lower court concluded that it no longer had plenary power. Appellant did not timely appeal from the final judgment, and the lower's court's order is not

independently appealable. Therefore, we dismiss this appeal and a pending motion for want of appellate jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Texas Department of Public Safety[1] (the "Department") sent appellee Cuong Vu Tran a notice of suspension of his driver's license based on his refusal to submit to the taking of a specimen of his breath or blood. Tran timely requested an administrative hearing under section 724.041 of the Transportation Code on the suspension of his driver's license. *See* Tex. Transp. Code Ann. § 724.041 (West, Westlaw through 2021 R.S.). On September 9, 2020, after a hearing, the administrative law judge ("ALJ") made affirmative findings as to the issues listed in Transportation Code section 724.042 and sustained the suspension of Tran's driver's license. *See* Tex. Transp. Code Ann. §§ 724.042, 724.043 (West, Westlaw through 2021 R.S.).

Tran timely appealed the ALJ's final decision by filing a petition in Harris County Criminal Court at Law No. 13 ("County Court") within 30 days of the decision. *See id*. §§ 524.041, 724.047 (West, Westlaw through 2021 R.S.). Tran asked the County Court to reverse the suspension of his driver's license. The Department filed an answer to Tran's petition denying Tran's allegations and did not assert any claims for affirmative relief.

On December 2, 2020, the County Court held a hearing on the merits of Tran's petition.[2] On December 7, 2020, the County Court signed an order ruling in Tran's favor on his appeal of the ALJ's decision ("Judgment"). The County Court ordered that the suspension of Tran's driver's license be reversed and vacated, with

---

[1] The appellant's correct name is the "Department of Public Safety of the State of Texas." Tex. Gov't Code Ann. § 411.002 (West, Westlaw through 2023 R.S.). But all parties have called the appellant "Texas Department of Public Safety" throughout these proceedings.

[2] The appellate record does not contain a reporter's record of that hearing.

instructions for the State Office of Administrative Hearings ("SOAH") and the Department to rescind the 180-day suspension and to reinstate Tran's driver's license. In the Judgment, the County Court stated that it had listened to "arguments of both counsel."

On January 6, 2021, the Department filed a "Motion to Set Aside Order on Petition of Appeal from Administrative License Revocation Hearing and Motion for New Trial" ("Motion for New Trial"). In the motion the Department asserted that it did not receive actual or constructive notice of the hearing on December 2, 2020, and that contrary to the County Court's statement in the Judgment, no attorney representing the Department appeared at that hearing. The Department stated that it learned about the hearing when it received a copy of the Judgment. The Department asked the County Court to set aside the Judgment and grant the Department a new trial. The Department did not verify the Motion for New Trial or attach to the motion an affidavit or other evidence showing that the Department did not receive actual or constructive notice of the hearing on December 2, 2020.

The Department asserts on appeal that the County Court announced at a hearing on March 11, 2021, that it was granting the Motion for New Trial, without signing an order at that time. Our record contains no reporter's record from the March 11, 2021 hearing and no evidence that the County Court announced at that hearing that it granted the Motion for New Trial. Nonetheless, we presume for the sake of argument that the County Court announced at a hearing on March 11, 2021 that it was granting the Motion for New Trial, without signing an order at that time.

The Department contends on appeal that the County Court signed an order granting the Motion for New Trial on March 31, 2021. Our record contains no written order ruling on the Motion for New Trial and no reporter's record from the March 31, 2021 hearing. At the April 6, 2021 hearing, the County Court took

judicial notice that as of April 6, 2021, the County Court had not signed any written order regarding the Motion for New Trial. At the April 6 hearing, the County Court also stated that on March 11, 2021, the County Court "did hear the [Motion for New Trial] and then subsequent to that, the [County Court] did enter and granted [sic] the [Department's] request to set aside the [Judgment] and that judgment for that order was signed on March 31st of [2021]." At the April 6 hearing, the County Court also said that on March 11, 2021, the County Court "did verbally grant, I believe, if I'm not mistaken — no, I'm sorry, took it under advisement — took it under advisement, and then the [County Court] granted the [Motion for New Trial] on March 31st of 2020." We presume for the sake of argument that the County Court signed a written order granting the Motion for New Trial on March 31, 2021.

The County Court held a hearing on April 6, 2021 on an oral motion by Tran asserting that the County Court had lost plenary power to decide anything further regarding the merits of Tran's appeal. Tran argued that under Texas Rule of Civil Procedure 329b(e), the County Court no longer had plenary power to grant the Motion for New Trial because more than thirty days had passed since the motion was overruled by operation of law. Tran also argued that on March 31, 2021 the County Court had already lost plenary power. The Department did not dispute Tran's argument as to how Rule 329b would apply to the facts of this case; instead, the Department argued that the Rules of Civil Procedure did not apply to this case because these rules do not apply to appellate matters, such as an appeal from an ALJ's decision. At the end of the hearing, the County Court stated that (1) Rule 329b applied, (2) the County Court did not sign a written order ruling on the Motion for New Trial within 105 days of December 7, 2020, and (3) the County Court did not have plenary power to grant the motion on March 31, 2021, or on

4

April 6, 2021. The court did not sign any order on April 6, 2021.

On May 6, 2021, the Department filed a notice of appeal. On May 18, 2021, the County Court signed an order (the "Order") in which the court determined that it lacks plenary power to proceed and that the Judgment shall stand.

## II. ANALYSIS

In its notice of appeal, the Department states it is appealing the "judgment in this case." The Department filed the notice in the County Court with the style for Tran's appeal of the ALJ's decision in the County Court. The notice of appeal does not state the date of the judgment appealed from; thus, the notice does not contain all of the items required by Texas Rule of Appellate Procedure 25.1(d). *See* Tex. R. App. P. 25.1(d). Though the Department's notice of appeal is defective, if the Department timely filed the notice of appeal, it would be sufficient to perfect an appeal from the Judgment. *See* Tex. R. App. P. 25.1(a), (g); *Sweed v. Nye*, 323 S.W.3d 873, 874–75 (Tex. 2010); *Noorian v. McCandless*, 37 S.W.3d 170, 173 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). The Department states in one part of its appellate brief that the Department is appealing from the Judgment and in another part that the Department is appealing from the Order. We conclude that the Department seeks to appeal from both the Judgment and the Order. No party asserts that this court lacks appellate jurisdiction; nonetheless, we must review sua sponte issues affecting our appellate jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Thus, we first address whether we have appellate jurisdiction to review the Judgment and the Order.

## A. Does this court have appellate jurisdiction?

The administrative proceeding and Tran's appeal of the ALJ's decision are

5

civil matters.[3] *See* Tex. Gov't Code Ann. § 2001.901(a) (West, Westlaw through 2023 R.S.) (as applied to Transportation Code chapter 524 by Tex. Transp. Code Ann. § 524.002(b), providing that a party may appeal a final judgment of a county court at law in a chapter 524 appeal in the manner provided for civil actions generally); Tex. Transp. Code Ann. § 524.002(b) (West, Westlaw through 2023 R.S.) (providing that Government Code chapter 2001, the Texas Administrative Procedure Act, applies to an appeal from an administrative decision under chapter 524 to the extent consistent with chapter 524); *id*. § 724.047 (stating that chapter 524 of the Transportation Code governs an appeal from an action of the Department following an administrative hearing under chapter 724); *id*. § 724.048(a)(1) (West, Westlaw through 2023 R.S.) (providing that an administrative proceeding under Transportation Code chapter 724 is a civil matter); *Curry v. Tex. Dep't of Pub. Safety*, 472 S.W.3d 346, 351 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (concluding that appeals from a county court at law's judgment reviewing an ALJ's decision as to a driver's license suspension are taken in the manner provided for civil actions generally); *Tex. Dep't of Pub. Safety v. Fecci*, 989 S.W.2d 135, 138 (Tex. App.—San Antonio 1999, pet. denied) (concluding that Texas Rules of Civil Procedure govern the procedure in a county court at law in an appeal from an ALJ's decision as to a driver's license suspension). Tran appealed the ALJ's decision to the County Court, a county criminal court at law in Harris County. *See id*. § 524.041(b) (stating that "[a] petition under Subsection (a) must be filed in a county court at law in the county in which the person was arrested or, if there is not a county court at law in the county, in the county court"). In Harris County, county criminal courts at law have

---

[3] In the County Court, Tran's counsel cited Texas Rule of Appellate Procedure 21.8 to the extent that the appeal was a criminal matter. *See* Tex. R. App. P. 21.8. Because the appeal was not a criminal matter, Rule 21.8 did not apply. *See* Tex. R. App. P. 21.1, 21.8.

concurrent jurisdiction with county civil courts at law to hear civil appeals from decisions of ALJs in driver's license suspension cases. *See* Tex. Gov't Code Ann. §§ 25.1033(a), 2001.901(a) (West, Westlaw through 2023 R.S.); Tex. Transp. Code Ann. §§ 524.002(b), 524.041(b), 724.047, 724.048(a)(1). Even though these county courts at law act in an appellate capacity in reviewing ALJ decisions, the Texas Rules of Civil Procedure govern the procedure in these courts as to these appeals. *See* Tex. R. Civ. P. 2 (stating that the Texas Rules of Civil Procedure "govern the procedure in the justice, county, and district courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated"); *Fecci*, 989 S.W.2d at 138. Thus, Texas Rule of Civil Procedure 329b governs the determination as to the expiration of the County Court's plenary power to grant a new trial or to vacate, modify, or correct the Judgment.[4] *See* Tex. R. Civ. P. 2, 329b; *Fecci*, 989 S.W.2d at 138.

The County Court rendered the Judgment on December 7, 2020. In the Judgment, the County Court adjudicated the merits of Tran's appeal and disposed of all claims and all parties before it. Therefore, the Judgment is a final judgment that triggered the beginning of the timetables under Rule 329b. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192, 200 (Tex. 2001); *In re Fischer*, No. 14-11-0482-CV, 2011 WL 2899138, at *2 (Tex. App.—Houston [14th Dist.] Jul. 21, 2011, orig. proceeding [mand. denied]). The Department timely filed the Motion for New Trial on January 6, 2021. *See* Tex. R. Civ. P. 329b(a). Because the trial court did not rule on the Motion for New Trial by written order signed on or before

---

[4] Texas Rule of Civil Procedure 329b would not apply to the extent it were to conflict with an applicable statute. *See* Tex. Gov't Code Ann. § 2001.171–.177 (West, Westlaw through 2021 R.S.); Tex. Transp. Code Ann. § 524.041–.044 (West, Westlaw through 2021 R.S.). But there is no such conflict.

February 22, 2021, the motion was overruled by operation of law on that date.[5] *See* Tex. R. Civ. P. 329b(c).

Presuming for the sake of argument that the County Court announced at a hearing on March 11, 2021 that it was granting the Motion for New Trial, without signing an order at that time, this announcement does not suffice to grant a new trial because the Supreme Court of Texas has established a bright-line rule that to grant a new trial, the court must sign a written order. *See In re Lovito-Nelson*, 278 S.W.3d 773, 775–76 (Tex. 2009); *Horizon/CMS Healthcare Corp., Inc. v. Fischer*, 111 S.W.3d 67, 68 (Tex. 2003); *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993); *In re Johnson*, 557 S.W.3d 740, 741–42 (Tex. App.—Waco 2018, orig. proceeding). The County Court's plenary power to grant a new trial or to vacate, modify, or correct the Judgment expired on March 24, 2021, thirty days after the Motion for New Trial was overruled by operation of law. *See* Tex. R. Civ. P. 329b(e). Presuming for the sake of argument that the County Court signed a written order granting the Motion for New Trial on March 31, 2021, any such order would be void because it was signed after the trial court lost plenary power. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998).

Because the Department timely filed the Motion for New Trial, the deadline for filing a notice of appeal from the Judgment was extended to March 8, 2021. *See* Tex. R. App. P. 4.1(a), 26.1(a). The deadline for the Department to file an instrument in a bona fide attempt to invoke an appellate court's jurisdiction over the Judgment under the *Verburgt* case was March 23, 2021. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex. 1997). The Department did not file its notice of appeal until May 6, 2021. No party filed any instrument in an

---

[5] February 20, 2021 was the seventy-fifth day after the Judgment was signed. Because that day was a Saturday, the time period ran until the end of the day on Monday February 22, 2021. *See* Tex. R. Civ. P. 4.

attempt to invoke appellate jurisdiction on or before March 23, 2021. *See* Tex. R. App. P. 26.1(a); *Valdez v. Hamilton*, No. 14-16-00124-CV, 2017 WL 421992, at *2 (Tex. App.—Houston [14th Dist.] Jan. 31, 2017, no pet.) (mem. op.). Therefore, to the extent the Department seeks to appeal from the Judgment, this court lacks appellate jurisdiction.[6] *See Valdez*, 2017 WL 421992, at *1–2.

The notice of appeal states that on April 6, 2021, in "the Hardin County 356th District Court,"[7] the presiding judge of the County Court made an oral ruling in Tran's favor. We presume, without deciding, that if the Order is independently appealable, the Department's notice of appeal, though defective, would be a prematurely filed notice of appeal sufficient to perfect an appeal from the Order. *See* Tex. R. App. P. 25.1(a),(g), 27.1(a); *Warwick Towers Council of Co–Owners v. Park Warwick, L.P.,* 244 S.W.3d 838, 839 (Tex. 2008). In the Order, the County Court determined that as of April 6, 2021, the County Court lacked plenary power and was without jurisdiction to proceed. The County Court also ordered that the Judgment "shall stand." The Order is not a final judgment. *See Lehmann*, 39 S.W.3d at 192, 200. The parties have not cited and research has not revealed any statute that would give this court jurisdiction over an appeal from the Order. Because the Order is not independently appealable, to the extent the Department seeks to appeal from the Order, this court lacks appellate jurisdiction.[8] *See Nealy v.*

---

[6] Though the Department asserts that it did not receive actual or constructive notice of the hearing on December 2, 2020, the Department timely filed the Motion for New Trial on January 6, 2021. Thus, the Department was aware of the Judgment by January 6, 2021, and could have filed a notice of appeal by March 8, 2021.

[7] The Harris County Criminal Court at Law No. 13 made this ruling not the 356th District Court. *See* Tex. Gov't Code Ann. § 24.502(a) (West, Westlaw through 2023 R.S.) (stating that "[t]he 356th Judicial District is composed of Hardin County.").

[8] The Department has not pursued a restricted appeal. Regardless, a restricted appeal would not have been available because the Department timely filed a postjudgment motion—the Motion for New Trial. *See* Tex. R. App. P. 30; *Sintim v. Larson*, 489 S.W.3d 551, 555 n.2 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (concluding court of appeals would have lacked jurisdiction

*Home Indem. Co.*, 770 S.W.2d 592, 593–95 (Tex. App.—Houston [14th Dist.] 1989, no writ) (dismissing case for want of appellate jurisdiction based on untimely appeal from final order dismissing for want of prosecution, even though appellant filed notice of appeal within thirty days of order in which trial court found that (1) it lacked plenary power when it earlier signed an order reinstating the case, (2) the reinstatement order was void, and (3) the final order dismissing for want of prosecution stood).

Concluding that we lack appellate jurisdiction over both the Judgment and the Order, we order this appeal dismissed for want of appellate jurisdiction.[9] *See Valdez*, 2017 WL 421992, at *1–2; *Overka v. Bauri*, No. 14-06-00083-CV, 2006 WL 2074688, at *1 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op.); *Nealy*, 770 S.W.2d at 593–95. Because we lack appellate jurisdiction, we do not address the parties' arguments on the merits.

**B. May this court address the alleged voidness of the Judgment even though the court lacks appellate jurisdiction?**

On appeal, the Department has filed "Appellant's Motion to Dismiss the Appellee's County Court Appeal for Lack of Subject Matter Jurisdiction" (the "Motion"), and we have taken the Motion with the case. In the Motion, the Department asks this court to determine that the County Court lacked subject-matter jurisdiction over Tran's appeal of the ALJ's decision because Tran "failed to perfect his appeal." Although Tran fulfilled the requirements of section 524.041 of the Transportation Code, the Department contends that Tran did not perfect his appeal to the County Court because (1) the Department has not been served with the clerk's record from the SOAH or the official transcript of the hearing

---

over a restricted appeal because appellant filed a timely motion for new trial).

[9] We have given all parties ten days' notice under Texas Rule of Appellate Procedure 42.3. *See* Tex. R. App. P. 42.3.

conducted by the SOAH; (2) Tran did not request and pay for the SOAH transcript within ten days of filing his petition in the County Court; and (3) Tran never requested that the SOAH's official court record and certified transcript be lodged with the County Court. *See* Tex. Transp. Code Ann. § 524.041(a), (b), and (c). The Department contends that Tran's failure to perfect his appeal to the County Court makes the Judgment and the Order void. In its appellate brief, the Department also asserts other arguments in support of the assertion that the Judgment is void.

Texas courts have held that an appellate court in an untimely direct appeal may not adjudicate a party's arguments as to why a judgment or order is void. *See Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 766 n.7 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Tafoya v. Green Tree Servicing, LLC*, No. 03-14-00391-CV, 2014 WL 7464321, at *2, n.2 (Tex. App.—Austin Dec. 30, 2014, no pet.) (mem. op.); *Kenseth v. Dallas Cnty.*, 126 S.W.3d 584, 596–97 (Tex. App.–Dallas 2004, pet. denied); *In re Estate of Courvier*, No. 04-07-00469-CV, 2007 WL 2935809, at *1 (Tex. App.—San Antonio Oct. 10, 2007, no pet.) (mem. op.); *In re Estate of Mitchell*, 20 S.W.3d 160, 161–62 (Tex. App.—Texarkana 2000, no pet.). Presuming, without deciding, that the Judgment is void, the Department still must timely appeal from the Judgment to challenge the Judgment on direct appeal. *See Ragsdale,* 273 S.W.3d at 766 n.7; *Tafoya*, 2014 WL 7464321, at *2, n.2; *Kenseth,* 126 S.W.3d at 596–97; *In re Estate of Courvier*, 2007 WL 2935809, at *1. The Department has not timely appealed from the Judgment. Having concluded that this court lacks appellate jurisdiction, we must dismiss this appeal, and we may not address the arguments in which the Department asserts that either the Judgment or the Order is void. *See Ragsdale,* 273 S.W.3d at 766 n.7; *Tafoya*, 2014 WL 7464321, at *2, n.2; *Kenseth,* 126 S.W.3d at 596–97; *In re Estate of Courvier*, 2007 WL 2935809, at *1. Because we lack appellate

jurisdiction, we dismiss the Motion for want of appellate jurisdiction.[10] *See Saint Val v. Hill*, No. 14-20-00811-CV, 2022 WL 3592469, at \*3 (Tex. App.—Houston [14th Dist.] Aug. 23, 2022, no pet.) (mem. op.).

### III. CONCLUSION

To the extent the Department seeks to appeal from the Judgment, this court lacks appellate jurisdiction because the Department did not timely perfect an appeal from the Judgment. Because the Order is not independently appealable, to the extent the Department seeks to appeal from the Order, this court lacks appellate jurisdiction. Because this court lacks appellate jurisdiction, we may not address the arguments in which the Department asserts that either the Judgment or Order is void. We dismiss this appeal and the Motion for want of appellate jurisdiction.


/s/     Randy Wilson
Justice

Panel consists of Justices Spain, Poissant, and Wilson.

---

[10] Because we lack subject-matter jurisdiction, we may not adjudicate the merits of this appeal. We take no position on the merits, nor do we address whether the ALJ or the County Court erred in any respect. We do not address whether any terminology used by the ALJ, the County Court, Tran, or the Department was correct on the merits. Furthermore, we need not address the personal-jurisdiction issue raised by the Department, or the Department's argument that the lack of a proper administrative record is jurisdictional.